WATERFALL, ECONOMIDIS,
 CALDWELL, HANSHAW & VILLAMANA, P.C.
5210 E. Williams Circle, #800
Tucson, AZ 85711
(520) 745-7810

Barry Kirschner/SBN 005592
bkirschner@wechv.com
Amanda V. Damianakos/SBN 023035
adamianakos@wechv.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter W. Revere,<br>     Plaintiff,<br><br>vs.<br><br>Jefferson Pilot Financial Insurance Company, n/k/a/ The Lincoln National Life Insurance Company; and Group Long Term Disability Insurance for Employees of Wilson Electric Services Corp. Plan,<br>     Defendants. | NO. 09-CV-726-TUC-CKJ (JM)<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Rule 56 (a) and (d) of the Federal Rules of Civil Procedure ("FRCP") authorize Motions for Partial Summary Judgment for issues where there are no material facts in dispute. For the reasons set forth below and in the accompanying Plaintiff's Statement of Facts ("PSOF"), this Motion for Partial Summary Judgment should be granted.

**FACTS**

Plaintiff Peter W. Revere's ("Revere") is a 52 year old former construction electrician who can no longer perform his occupation because of a physical disability following multiple surgeries including to his back, knees and ankles. (PSOF 1-3) His application for disability benefits was filed in 2004 and accepted by Defendant Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") with long term disability ("LTD") benefits beginning January 17, 2005. (PSOF 2) In 2006, Revere

1  went back to work in a different capacity at Lowe's earning less than the amount
2  required to consider his new occupation to be "gainful" as Defendant Jefferson Pilot
3  interpreted its contract. (PSOF 13) Recognizing that Revere continued to be incapable
4  of earning the amounts required for a gainful occupation, Jefferson Pilot continued to
5  pay partial benefits pursuant to its contractual obligations. (PSOF 13-14)

6   In 2005, Defendant Jefferson Pilot's administrative record ("AR") reflects that it
7  calculated Revere's potential for continuing disability benefits to cut off effective
8  January 17, 2007. (PSOF 6) Defendant Jefferson Pilot advised the unrepresented
9  Revere that his benefits would cease in January 2007 and that his maximum potential
10 sum of future benefits was $37,481.28. (PSOF 6, 7, 8 and 10) This representation was
11 made to Revere in connection with attempting to settle his disability claim for a
12 $30,000 lump sum. (PSOF 8) Revere was born February 8, 1958. If he continued to
13 be unable for medical reasons to hold a gainful occupation, he would be entitled to
14 benefits potentially continuing to age 65 in 2023. (PSOF 11-12) Jefferson Pilot's
15 Settlement Referral shows that it realized the maximum benefit duration extended to
16 2023. (PSOF 11 and 12) Nevertheless, Jefferson Pilot, on or about April 25, 2005
17 established a benefit cutoff date of January 17, 2007. (PSOF 6, 11-12)

18   The facts above were alleged in Revere's Original Complaint. *E.g. See*
19 paragraphs 35, 36, 13, 16, and 18. These facts were denied by Defendant's Answer.
20 *See* Answer at paragraphs 35, 36, 13, 16, and 18. The denials were generally
21 accompanied by a statement such as the "document speaks for itself." (PSOF 21)
22 Revere's counsel advised Defendant's counsel that it had denied, without basis, things
23 which were obviously true, and that the "speaks for itself" was non-responsive to the
24 requirements of Rule 8b of the FRCP. *See* PSOF 5, 9, 16, 18, 20, 21 and Wright &
25 Miller § 1264. Defendant declined to file an Amended Answer as requested by Revere.
26 (PSOF 22)

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR. #800
TUCSON, AZ 85711
520-745-7810

BK/gg/3/19/10
Plt MpSJ PLD.wpd

2

Revere v. Jefferson Pilot
09-CV-726-TUC-CKJ (JM

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Revere moves for partial summary judgment to establish facts and law which are apparent and not capable of being materially disputed from the Defendant's AR. Defendant Jefferson Pilot failed to admit these facts alleged in the original Complaint. But the AR makes clear that the facts as described in the accompanying Plaintiff's PSOF are true and that they are not legitimately disputed. An award of partial summary judgment will have the positive affect of limiting the areas Plaintiff needs to establish in connection with the issue of whether the claim has been handled with a conflict of interest and what level of scrutiny is appropriate considering the facts established relate to conflicts of interest by Defendant Jefferson Pilot. An Order of Partial Summary Judgment also will be relevant and helpful in establishing an appropriate level of review for whether the Defendant has acted in an unbiased manner and abused its discretion. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 972 (9th Cir. 2006) en banc.

The obligations of a fiduciary charged with using its discretion while handling ERISA claims is well known. The fiduciary is supposed to use its discretion "solely in the interest of the participants and beneficiaries." 29 U.S.C. 1104(a)(1); *Metropolitan Life v. Glenn*, 554 U.S. __, 128 S. CT. 2343, 2350. The obligation is for the fiduciary to have a meaningful dialogue in the administration of the benefits claim. *Saffon v. Wells Fargo LTD Plan*, 522 F.3d 863, 870 (9th Cir. 2008). There is no justification for a fiduciary to deny what is true whether it is done at an administrative phase of a claim or while filing a formal Answer to a Complaint initiating a civil action in court. The fiduciary has a duty to deal fairly and honestly with beneficiaries. *Varity Corp. v. Howe*, 516 U.S. 489, 506 (1996); *Farr v. West Communications, Inc.*, 151 F.3d 908, 915 (9th Cir. 1998).

The facts and law of this matter which are not in dispute and subject to an Order

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR. #800
TUCSON, AZ 85711
520-745-7810

BK/gg/3/19/10
Plt MpSJ PLD.wpd

3

Revere v. Jefferson Pilot
09-CV-726-TUC-CKJ (JM

granting Revere's Motion for Partial Summary Judgment are:

1.   Jefferson Pilot made an offer to settle the case with Revere for $30,000 on or about September 29, 2005.

2.   Jefferson Pilot advised Revere that his disability benefits would terminate on January 17, 2007, on or about September 29, 2005, and again October 17, 2005.

3.   Jefferson Pilot modified its Settlement Referral document in 2005 to change from a maximum benefit duration date of February 8, 2023 to a benefit cutoff of January 17, 2007.

4.   With a date of birth of February 8, 2023, Revere would maintain benefit eligibility if medically applicable until age 65, the February 8, 2023 date originally on Jefferson Pilot's Settlement Referral form.

5.   Revere was not represented by counsel when Jefferson Pilot made the offers of settlement in September and October 2005.

6.   An occupation for Revere under the relevant contract must allow for income at a minimum of $2,236 monthly ($26,832 annually) to be a "gainful occupation."

7.   Jefferson Pilot has a "structural conflict of interest" in the administration of Revere's claim for long term disability benefits.

8.   Jefferson Pilot has a duty to use its discretion in the administration of Revere's claim solely in the interests of participants and beneficiaries of the Plan.

9.   Jefferson Pilot has a continuing duty to not misrepresent its policy or facts to participants and beneficiaries of the Plan.

10.   Jefferson Pilot's continuing duty to not misrepresent its policy or facts to participants and beneficiaries of the Plan includes in litigation following the denial of the administrative appeal of a participant or beneficiary.

11.   Jefferson Pilot has breached its duty to not misrepresent facts in its claims

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR. #800
TUCSON, AZ 85711
520-745-7810

BK/gg/3/19/10
Plt MpSJ PLD.wpd

4

Revere v. Jefferson Pilot
09-CV-726-TUC-CKJ (JM

1   handling by denying that it made offer(s) of $30,000 to Revere in 2005 to settle his
2   entire claim.
3         12.    Jefferson Pilot has breached its duty to not misrepresent facts in its claims
4   handling by calculating in 2005 that Revere's maximum benefit duration was to January
5   17, 2007.
6         13.    Jefferson Pilot breached its duty to not misrepresent facts in its claims
7   handling by advising Revere in 2005 that his maximum benefit duration was to January
8   17, 2007 in connection with attempting to settle his claim for $30,000.
9         14.    Jefferson Pilot has breached its duty to not misrepresent facts in its claims
10  handling by denying that it calculated Revere's benefits in 2005 as having maximum
11  benefit duration to January 17, 2007.

## CONCLUSION

For the reasons set forth above, Revere's Motion for Partial Summary Judgment should be granted and the facts and combined Statements of Fact and law 1-14 listed above should be established as true and correct in this case.

RESPECTFULLY SUBMITTED March 19, 2010.

                WATERFALL, ECONOMIDIS, CALDWELL,
                  HANSHAW & VILLAMANA, P.C.

                By  s/Barry Kirschner
                    Attorneys for Plaintiff

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR. #800
TUCSON, AZ 85711
520-745-7810

BK/gg/3/19/10
Plt MpSJ PLD.wpd

5

Revere v. Jefferson Pilot
09-CV-726-TUC-CKJ (JM

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on March 19, 2010, I electronically transmitted the |
| 3 | foregoing document to the United States District Court for the District of Arizona using |
| 4 | the CM/ECF System for filing and transmittal of a Notice of Electronic Filing. |

William M. Demlong, Esq.
Aeryn A. Heidemann, Esq.
KUNZ, PLITT, HYLAND, DELONG & KLEIFIELD
3838 N. Central Ave., Ste. 1500
Phoenix, AZ  85012-1902
Attorneys for Defendants

By:  s/Glades Guisinger

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR. #800
TUCSON, AZ 85711
520-745-7810

BK/gg/3/19/10
Plt MpSJ PLD.wpd

6

Revere v. Jefferson Pilot
09-CV-726-TUC-CKJ (JM