UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Peter W. Revere,<br><br>    Plaintiff,<br>v.<br><br>Jefferson Pilot Financial Insurance Company, n/k/a The Lincoln National Life Insurance Company; and Group Long Term Disability Insurance for Employees of Wilson Electric Services Corp. Plan,<br><br>    Defendants. | CV 09-726 TUC - CKJ (JM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 22). For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, deny the Plaintiff's motion.

**I.    Factual Summary**

Plaintiff Peter W. Revere worked as an electrician for Wilson Electric Services Corporation ("Wilson Electric") where he was covered under the terms of a group long term disability plan ("Plan") purchased from Defendant Jefferson Pilot Financial Insurance Company ("Jefferson Pilot"), which is now known as The Lincoln National Life Insurance Company. *Complaint*, ¶¶ 1-7. The Plan provides:

> TOTAL DISABILITY or TOTALLY DISABLED means that an Insured Employee, due to an Injury or Sickness is unable:
>
> 1.    during the Elimination Period and the Own Occupation Period, to perform each of the main duties of the Insured Employee's regular occupation; and

>     2.   After the Own Occupation Period, to perform each of the main duties of any gainful occupation for which the Insured Employee's training, education or experience will reasonably allow.

*Defendants' Statement of Facts* ("*DSOF*"), Ex. 1. The Elimination Period lasts 180 days and begins on the first day of disability. *Id*. The Own Occupation Period "means a period beginning at the end of the Elimination Period and ending 24 months later. *Id*.

The parties agree that Revere is unable to perform the duties of an electrician as a result of ankle osteoarthritis, which required fusion revision surgery. *Plaintiff's Statement of Facts* ("*PSOF*"), ¶ 4; *DSOF*, ¶ 18. Revere filed a claim for long term disability ("LTD") based on his osteoarthritis and other alleged conditions with Jefferson Pilot and began receiving LTD benefits on Janaury 17, 2005. *PSOF*, ¶¶ 2 & 18.

In September 2005, Jefferson Pilot offered Plaintiff a lump-sum payment of $30,000.00 to settle his disability claim. *PSOF*, ¶ 4; *DSOF*, ¶ 19. As Jefferson Pilot explains:

> This offer was based on the evidence in the File that Plaintiff was now capable of sedentary or light duty work, the fact that he explained to the Company he was considering doing consulting work and other facts set forth in the administrative record. See D-SOF ¶¶ 3-12 and incorporated by reference. Under the terms of the Plan, during the Own Occupation Period, disability benefits will be paid to an insured employee who is unable to perform each of the main duties of his or her regular occupation for a period of twenty-four (24) months beginning at the end of the Elimination Period. . . . After the Own Occupation Period, during the "Any Occupation Period", a claimant will have to establish that he or she is unable to perform all the main duties of any gainful occupation for which the Insured Employee's training, education, or experience will reasonably allow in order to continue to receive disability benefits. In this matter, Plaintiff's Elimination Period ended and disability benefits under the Own Occupation Period began on January 17, 2005. Thus, the Own Occupation Period applicable to Plaintiff's claim ended January 17, 2007 . . . .

*DSOF*, ¶ 19.

In his motion, Revere identifies a number of asserted facts and points of law which were denied by Jefferson Pilot in its Answer and requests summary judgment on those facts. *Motion for Partial Summary Judgment*, pp. 4-5.

**II.     Discussion**

    **A.     Standard of Review**

This case presents a role reversal of sorts. Typically, ERISA defendants argue for the application of an abuse of discretion standard of review and ERISA claimants seek the increased scrutiny offered by a de novo standard. Here, however, Revere seeks the application of an abuse of discretion standard despite the fact that Jefferson Pilot has stipulated to the application of a de novo standard. However, as neither party has provided the facts and law upon which the Court can decide the proper standard to be applied, Revere's motion must be denied without prejudice.

In cases governed by ERISA, a district court "sits more as an appellate tribunal than as a trial court," and it "evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary." *Denmark v. Liberty Life Assurance Co.,* 481 F.3d 16, 21 (1st Cir. 2007) (citations omitted). The court applies a *de novo* standard of review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the plan does confer such discretionary authority, the court reviews the administrator's decision for abuse of discretion. *Id.*

In this case, Jefferson Pilot filed a Notice of Agreement to a De Novo Standard of Review (Doc. 23), indicating it "agree[s] to the application of the de novo standard of review in this action . . . in order to streamline the litigation and allow the Court to evaluate whether the plan administrator correctly denied benefits." *Notice*, p. 1. In response, Revere filed his own pleading informing the Court that Jefferson Pilot, in the Joint Case Management Plan, had urged the application of an abuse of discretion standard and that Revere does not agree with Jefferson Pilot's change of course. The Response concludes with the following:

> The Court is not asked to take any action in response to Defendants' Notice or Plaintiff's Response. Revere's purpose in this Response is to clarify that he has not agree to perform any action or refrain from performing any action in connection with Defendants' announcement of Defendants' changed position.

*Response to Notice*, p. 2.

In his Motion for Partial Summary Judgment, Revere cites some general authority related to a plan fiduciary's obligations to deal fairly and honestly with beneficiaries and then proceeds to list fourteen separate entries without explanation of their relevance or purpose. However, without determining the threshold question of the applicable standard of review, the Court cannot begin to discern the importance of the various entries offered by Revere. For example, if the Court applies an abuse of discretion standard, a claimant may assert that the insurer was acting as both the plan administrator and the funding source for benefits and is thereby acting under a structural conflict of interest that may be considered by the Court. *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 968 (9th Cir. 2006); *Snow v. Standard Ins. Co.,* 87 F.3d 327, 330 (9th Cir. 1996). The Ninth Circuit also held that "[w]hen an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA . . . we review de novo the administrator's decision to deny benefits." *Abatie*, 458 F.3d at 971. These are just two of the several permutations of the standards of review applicable in ERISA cases.

As one can see, without first identifying the applicable standard, the Court is unable to determine what evidence is relevant and what weight should be given to the evidence which is found to be relevant. Specifically, the Court cannot determine whether Jefferson Pilot's settlement negotiations and offers are relevant to the case at all. If determined to be a wholesale and flagrant violation of ERISA's procedural requirements, the Jefferson Pilot's behavior might justify de novo review. Alternatively, Revere may be asserting that Jefferson Pilot was acting as both the plan administrator and the funding source for benefits and is thereby acting under a structural conflict of interest (as asserted in fact number seven in Revere's motion). Revere, however, has not presented any evidence that would allow the

4

Court to conclude such is the case. Accordingly, the Court is at a loss as to the proper standard of review and, therefore, the Plaintiff's Motion for Partial Summary Judgment must be denied without prejudice. The Court recommends that the District Court direct the parties to file motions identifying the facts and law which support the application of their asserted standard of review.

**III.    Recommendation**

Based on the foregoing, the Magistrate Judge recommends that the District Court, after an independent review of the record, **DENY** Defendant's Motion for Partial Summary Judgment (Doc. 22).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 09-726-TUC-CKJ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 10th day of November, 2010.

_____
Jacqueline Marshall
United States Magistrate Judge